Gerald Lee TOLLEY *v.* STATE of Arkansas

CA CR 80-63                                611 S.W. 2d 798

Court of Appeals of Arkansas
Opinion delivered February 25, 1981

*E. Alvin Schay,* State Appellate Defender, by: *Deborah R. Sallings,* Deputy Defender, and *Howard Koopman* and *Jeff Rosenzweig,* Pulaski County Public Defenders, for appellant.

*Steve Clark,* Atty. Gen., by: *Jack W. Dickerson,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. Appellant was charged December 17, 1979 with two counts of theft of property having a value in excess of $2,500.00, in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977), and one count of theft of receiving property having a value in excess of $100.00, in violation of Ark. Stat. Ann. § 41-2206 (Repl. 1977). On March 19, 1980, another information was filed charging him with breaking or entering in violation of Ark. Stat. Ann. § 41-2003 (Repl. 1977). Appellant signed plea statements related to all these charges and proceedings were had to accept his guilty plea on May 22, 1980, the date the cases were set for trial. The Court accepted appellant's plea of guilty on all four counts and assessed a sentence of six years on each theft of property count, five years on the theft by receiving count and two years on the charge of breaking or entering with all those sentences to run consecutively as to each other and to any sentence which the defendant was then serving. On the same day appellant filed a "Motion to Withdraw a Guilty Plea", and a hearing was held on that motion June 11, 1980. The trial court denied the motion, and from that denial arises this appeal.

Appellant had negotiated a plea with the prosecuting attorney's office in which it was agreed that he would plead guilty to all four charges in exchange for a recommendation of a sentence of six years on each of the theft of property charges, five years on theft by receiving, and an unspecified

amount of time on breaking or entering, with all sentences to run concurrently with each other and with any sentence defendant was then serving, making the total jail time six years. In the plea statements, appellant acknowledged that he understood the minimum and maximum sentences possible on each charge and that he was waiving his right to trial by jury or by the Court. He also indicated that he understood that the plea bargain was not binding on the Court. In open court the judge inquired of appellant as to whether he understood that the judge did not have to give him the sentence that had been negotiated and the appellant indicated that he did understand. After the Court learned of the terms of the plea agreement, the Court inquired of some of the victims of the crime who were present as to whether they approved of the plea agreement. Some indicated they did not. The Court indicated that his policy was to decline to accept negotiated pleas on separate occurrences for concurrent sentencing, but that when the crimes alleged occurred as separate transactions he believed those sentences should run consecutively. At that point the Court indicated that it would allow appellant to withdraw his guilty plea. Seven days time was requested by appellant's attorney to discuss the matter and the Court declined to grant that amount of time and indicated that if appellant was tried by a jury and found guilty that the Court would run any sentences imposed by the jury consecutively. The prosecutor then advised the Court that the case had been set for trial that day and that all the state's witnesses were present. Having been reminded of this fact the Court indicated that it was withdrawing its offer to allow appellant to withdraw his guilty plea and was ready to sentence appellant. Appellant's attorney indicated that he knew of no reason why sentence should not be imposed at that time and the sentences were imposed as stated earlier.

At the hearing June 11, 1980, on the motion to withdraw the guilty plea, appellant testified that he believed he would receive a sentence of six years total, that he was dissatisfied with the plea when he found out that he would receive a sentence totaling nineteen years, and that he wanted a trial by jury.

4

Rule 26.1 of the Ark. Rules of Crim. Proc. (Repl. 1977) provides in part:

a. The Court shall allow a defendant to withdraw his plea of guilty or nolo contendere upon a timely motion and proof to the satisfaction of the Court that withdrawal is necessary to correct a manifest injustice.

Rule 26.1 (c) provides in part:

Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the Court that:

... (ii) the plea was not entered or ratified by the defendant or a person authorized to do so in his behalf;

(iii) the plea was involuntary, or was entered without knowledge of the nature of the charge or that the sentence imposed could be imposed;

(iv) he did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; or

(v) he did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial judge had indicated his concurrence and he did not affirm his plea after receiving advice that the judge had withdrawn his indicated concurrence and after an opportunity to either affirm or withdraw the plea.

In this case the appellant responded in the affirmative to the trial court's question as to whether or not he was entering a guilty plea to the charges because he was guilty. We believe this effectively disposes of appellant's contention that he did not actually enter a plea of guilty or tell the Court

that he was guilty of the four felonies with which he was charged.

Appellant also argues that the state breached its agreement indirectly by objecting to the withdrawal of the plea. The appellant argues that Rule 26.1 (c)(iv) (Repl. 1977) would require allowance of the withdrawal of the plea of guilty. We do not find anything in the record that indicates the prosecuting attorney did not actively seek the concessions agreed upon. The state merely objected to a delay in appellant's decision regarding a plea or trial since that was the day set for trial. This in no way was a failure of the prosecutor to seek the concessions agreed upon.

Appellant complains that the Court stated a policy of running sentences consecutively where the crimes occurred independently of each other. The simple answer is that no objection was raised at the trial level and therefore we will not consider the matter. *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980).

The real issue in this case is whether or not the trial court abused its discretion in not allowing the defendant to withdraw his guilty plea. It is worth remembering that this case was set for trial on the day the proceedings were had on the plea. We are unable to find any basis whatsoever for the argument of appellant that the Court concurred in the plea agreement. Appellant argues that this is the case but the record is void of any evidence to support such an allegation, and we find it to be without merit.

Appellant here entered a guilty plea, knowing that the Court was not bound to accept the negotiated plea, and after being advised that the Court would not abide by the plea agreement, raised no objection to sentence being imposed at that time. After sentencing, which resulted in a sentence unsatisfactory to defendant, he sought a jury trial. Under the circumstances, we find no manifest injustice, nor abuse of discretion by the trial court.

Affirmed.

6

CORBIN, J., not participating.

FOGLEMAN, Special Judge, joins in this opinion.